IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PURDUE RESEARCH FOUNDATION, | § | |
| | § | |
| Plaintiff, | § | **PUBLIC VERSION** |
| | § | |
| v. | § | Case No. 6:22-cv-119-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DEFENDANT'S OPPOSED MOTION UNDER 28 U.S.C. § 1404(a)
TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

**TABLE OF CONTENTS**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.  Plaintiff Has No Ties to This District . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.  Three Out of Four Inventors Are in the Northern District of California. . . . . . . . . . . . . . . 2

C.  PRF's Allegations Focus on the Northern District of California. . . . . . . . . . . . . . . . . . . . 3

D.  Key Third-Party Witnesses and Evidence Are in the Northern District of California . . . . 4

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.   PRF Could Have Brought This Action in the Northern District Of California. . . . . . . . . 6

II.  The Private Interest Factors Favor Transfer to the Northern District of California . . . . . . 6

    A.  Relative Ease of Access to the Sources of Proof Favors Transfer . . . . . . . . . . . . 7

    B.  Availability of Compulsory Process Favors Transfer . . . . . . . . . . . . . . . . . . . . . 8

    C.  Cost of Attendance for Willing Witnesses Favors Transfer . . . . . . . . . . . . . . . . 8

    D.  Consideration of Other Practical Problems is Neutral . . . . . . . . . . . . . . . . . . . . . 9

III. The Public Interest Factors Weigh in Favor of Transfer. . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A.  Administrative Difficulties Flowing From Court Congestion is Neutral. . . . . . . 10

    B.  The Northern District Has a Strong Local Interest in this Dispute. . . . . . . . . . . . 11

    C.  Familiarity of the Forum and Conflicts of Laws Factors Are Neutral . . . . . . . . 14

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

*Cases*            **Pages**

*In re Acer Am. Corp.*,
 626 F.3d 1252 (Fed. Cir. 2010) ................................................................. 7, 8

*In re Apple Inc.*,
 979 F.3d 1332 (Fed. Cir. 2020) ........................................................ 7, 11, 13

*In re Apple Inc.*,
 No. 21-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021). ....................... 8, 13

*In re Apple Inc.*,
 No. 22-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) ........................... 11

*In re Apple Inc.*,
 No. 22-137, 2022 WL 1676400 (Fed. Cir. May 26, 2022). ......................... 11

*In re Atlassian Corp. PLC*,
 No. 21-177, 2021 WL 5292268 (Fed. Cir. Nov. 15, 2021) ........................... 13

*Corrino Holdings LLC v. Expedia, Inc.*,
 No. 20-309, 2022 WL 1094621 (W.D. Tex. Apr. 12, 2022) ............... 9, 10, 14

*Danmark v. Shenzhen Apaltek Co., Ltd.*,
 No. 21-501, 2022 WL 1445391 (W.D. Tex. May 6, 2022). ........... 10, 11, 13, 14

*Def. Distributed v. Bruck*,
 30 F.4th 414 (5th Cir. 2022) ........................................................................ 12

*Fintiv Inc. v. Apple Inc.*,
 No. 18-372, 2019 WL 4743678 (W.D. Tex. Sept. 10, 2019). ........................ 7

*In re Genentech, Inc.*,
 566 F.3d 1338 (Fed. Cir. 2009). ..................................................... 8, 9, 10, 11

*In re Google LLC*,
 No. 21-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) .................. 8, 9, 13

*In re Google LLC*,
 No. 21-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ........................ 7, 11

*In re Google LLC*,
 No. 22-140, 2022 WL 1613192 (Fed. Cir. May 23, 2022) ........................... 13

*HD Silicon Sols. LLC v. Microchip Tech. Inc.*,
 No. 20-1092, 2021 WL 4953884 (W.D. Tex. Oct. 25, 2021) ..................... 8, 9

*In re Hoffmann-La Roche Inc.*,
 587 F.3d 1333 (Fed. Cir. 2009) .............................................................. 12, 13

## TABLE OF AUTHORITIES

*Cases (continued)* **Pages**

*Interactive Graphic Sols. LLC v. Microsoft Corp.*,
 No. 21-462, 2022 WL 1314462 (W.D. Tex. Apr. 20, 2022) . . . . . . . . . . . . . . . . . . . 11, 12

*L2 Mobile Techs. LLC v. Google LLC*,
 No. 21-358 (W.D. Tex. Jan. 7, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 14

*Lynk Labs, Inc. v. Home Depot USA, Inc*,
 No. 21-97, 2022 WL 1593366 (W.D. Tex. May 19, 2022) . . . . . . . . . . . . . . . . . . . . . . 10

*In re Netflix, Inc.*,
 No. 22-110, 2022 WL 167470 (Fed. Cir. Jan. 19, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re NetScout Sys., Inc.*,
 No. 21-173, 2021 WL 4771756 (Fed. Cir. Oct. 13, 2021) . . . . . . . . . . . . . . . . . . . . 10, 11

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
 467 F.3d 1355 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*PacSec3, LLC v. NetScout Sys., Inc.*,
 No. 20-914, 2021 WL 3478221 (W.D. Tex. Jul. 27, 2021) *mandamus granted, order vacated sub nom. In re: NetScout Sys*., 2021 WL 4771756 (Fed. Cir. Oct. 13, 2021). . . 10

*Parus Holdings Inc. v. LG Elecs. Inc.*,
 No. 19-432, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020) . . . . . . . . . . . . . . . . . . . . . . 8

*Proven Networks, LLC v. Netapp, Inc.*,
 No. 20-369, 2021 WL 4875404 (W.D. Tex. Oct. 19, 2021) . . . . . . . . . . . . . . . . . . . . 6, 7

*Sonrai Memory Ltd. v. Oracle Corp.*,
 No. 21-116, 2022 WL 315023 (W.D. Tex. Feb. 2, 2022) . . . . . . . . . . . . . . . . . . . . 10, 14

*Super Interconnect Techs. v. Google LLC*,
 No. 21-259, 2021 WL 6015465 (W.D. Tex. Nov. 8, 2021). . . . . . . . . . . . . . . . . . . . . . . 6

*In re Toyota Motor Corp.*,
 747 F.3d 1338 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*WSOU Invs. LLC v. Arista Networks, Inc.*,
 No. 20-1083, 2021 WL 6015526 (W.D. Tex. Nov. 5, 2021) . . . . . . . . . . . . . . . . . . . . . . 9

*In re Volkswagen AG*,
 371 F.3d 201 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 10

*In re Volkswagen of Am., Inc.*,
 545 F.3d 304 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 11

**TABLE OF AUTHORITIES**

*Statutes and Rules* **Pages**

28 U.S.C. § 1400(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**INTRODUCTION**

This is a straightforward case, in which the convenience of the parties and the interest of justice both require transfer to the Northern District of California. Plaintiff Purdue Research Foundation has no presence in this district and no connection to it beyond this litigation. It claims no connection in its complaint, and for good reason: its offices are in West Lafayette, Indiana, as many of its witnesses will be—with the important exception of three out of four named inventors of the asserted patent, who are in the Northern District of California.

Defendant Google LLC has no relevant connection to this district. The complaint names two Google employees; both are in the Northern District of California. PRF alleges infringement within a single file, WakelockDetector.java; only five Google engineers worked on this file, and all of them are in the Northern District of California. PRF's complaint and contentions also mention "Android Lint" and "Android Studio"; to the extent they are relevant, they further support transfer, since Google researched, designed, developed and tested them primarily in the Northern District of California, with some work elsewhere but none in this district.

Finally, the Northern District of California also holds third-party evidence and numerous witnesses, including three of the four inventors and multiple prior artists, whom the parties can call to testify at trial in that Court, but who are not subject to subpoenas from this Court.

To resolve this motion, the Court need not engage in complex balancing. All the facts support transfer of this action to the Northern District of California.

**BACKGROUND**

A.   **Plaintiff Has No Ties to This District**

Purdue Research Foundation ("PRF") was established in 1930 as a "private, nonprofit foundation created to advance the mission of Purdue University." Declaration of Erika Warren

("Warren Decl.") Ex. A. "[T]he foundation accepts gifts; administers trusts; funds scholarships and grants; acquires property; protects Purdue's intellectual property; and promotes entrepreneurial activities on behalf of Purdue." *Id*. The foundation is located near the Purdue University campus, at Kurz Purdue Technology Center, 1281 Win Hentschel Boulevard, West Lafayette, Indiana, 47906. *See id*. Ex. B. PRF's administration, including its president, is located in Indiana. *See id*. Exs. C, D, E. PRF does not claim to have any ties, employees or locations in this district. *See supra*; Docket No. 16 ("Compl.") ¶¶ 1-3. ███████████ ███████████████████████████████████████████████████████ ███████████████████████████████ Warren Decl. Ex. F.

**B.      Three Out of Four Inventors Are in the Northern District of California**

The sole patent in suit, U.S. Patent No. 10,379,925 ("the '925 patent"), has four named inventors: Yu Charlie Hu, Abhilash Jindal, Samuel Midkiff, and Abhinav Pathak. *See* Docket No. 16, Ex. A.[1] Three of these four inventors are in the Northern District of California. Dr. Hu is a professor of Electrical and Computer Engineering at Purdue University, but is located in San Francisco, California. *See* Warren Decl. Ex. G. Dr. Jindal is now an assistant professor at Indian Institute of Technology, teaching remotely, and is located in Berkeley, California. *See id*. Exs. H, I. Dr. Hu and Dr. Pathak are co-founders of Mobile Enerlytics, LLC, which is "Based in San Francisco California." *Id*. Exs. J, G, H. Dr. Pathak is a software engineering manager at Apple Inc., and is located in Campbell, California. *See id*. Ex. K. The fourth named inventor, Professor Midkiff, remains a professor at Purdue University in West Lafayette, Indiana. *See id*. Ex. L. None of the named inventors are located in this district. *See supra*.

---

[1] Google disputes the existence of a successfully claimed invention but, for clarity, will not burden the Court with references to "purported inventors" and a "purported invention."

– 2 –

C.     **PRF's Allegations Focus on the Northern District of California**

PRF's complaint and infringement contentions confirm that the Northern District of California is the focus of this action. The complaint names two Google employees, Angana Ghosh and Tor Norbye, both of whom work in the Northern District of California. Compl. ¶¶ 38-40; Declaration of Torbjorn Norbye ("Norbye Decl.") ¶¶ 1, 5. The complaint alleges that Mr. "Norbye merged WakelockDetector.java into the Android tools base repository," and that "WakelockDetector.java contains an infringing implementation of the present invention." Compl. ¶ 40; *see* Warren Decl. Ex. M. PRF's infringement contentions similarly claim infringement within WakelockDetector.java. *See* Warren Decl. Ex. N. PRF identifies no author of WakelockDetector.java except for Mr. Norbye, and for good reason: the open-source history of the document confirms that Mr. Norbye wrote the vast majority of its code.[2] Aside from Mr. Norbye, only four engineers worked on WakelockDetector.java; all are in the Northern

---

[2] WakelockDetector.java is open source, available at https://android.googlesource.com/platform/tools/base/+/refs/heads/mirror-goog-studio-main/lint/libs/lint-checks/src/main/java/com/android/tools/lint/checks/WakelockDetector.java. *See* Warren Decl. Ex. M. The history of this file is available at https://android.googlesource.com/platform/tools/base/+log/refs/heads/mirror-goog-studio-main/lint/libs/lint-checks/src/main/java/com/android/tools/lint/checks/WakelockDetector.java. *See id*. Ex. O. That history includes 28 entries, of which 25 are by Tor Norbye, 1 is by Esteban de la Canal, 1 is by Matthew Gharrity, and 1 is by Raphaël Moll. *Id.*; Norbye Decl. ¶ 10. The change by Mr. Moll, entitled "Rename project directories to match project names," did not modify the contents of WakelockDetector.java. *See* Warren Decl. Ex. O.

Earlier history of WakelockDectector.java, from a prior source-code repository is available at https://android-review.googlesource.com/q/file:WakelockDetector.java+branch:master+project:platform/sdk. *See* Warren Decl. Ex. P. That history includes 12 entries, of which 10 are by Mr. Norbye, 1 is by Mr. Moll, and 1 is by Xavier Ducrohet. *See id*. There, the changes by Mr. Moll and Mr. Ducrohet did not modify the contents of WakelockDetector.java. *See id*.

As a result, these two repositories together contain 37 entries showing modification to the contents of WakelockDetector.java, of which 35 are by Mr. Norbye. Finally, the page https://android.googlesource.com/platform/tools/base/+blame/refs/heads/mirror-goog-studio-main/lint/libs/lint-checks/src/main/java/com/android/tools/lint/checks/WakelockDetector.java shows which engineer is responsible for each line. *See id*. Ex. Q. WakelockDetector.java includes 472 lines of code, of which Tor Norbye is responsible for 456; Matthew Gharrity is responsible for 16. *See id.*

District of California.  *See supra* n.2; Norbye Decl. ¶¶ 1, 10-13.  ▬▬▬▬▬ currently responsible for WakelockDetector.java, also works in the Northern District.  Norbye Decl. ¶ 4.

Although PRF's complaint and contentions claim that infringement occurs within WakelockDetector.java, they also mention "Android Lint" and "Android Studio."  *E.g.,* Compl. ¶¶ 35-37; Warren Decl. Ex. N.  To the extent that these products are relevant to PRF's allegations of infringement, they further support transfer of this action.  Google designed, developed, and maintains these products primarily at its headquarters in Mountain View, California, within the Northern District, and has no employees working on these products within this district or elsewhere in the State of Texas.  *See* Norbye Decl. ¶¶ 1-8, 10-13.  Witnesses with relevant knowledge regarding marketing, promotion, and business information for Android Studio and Android Lint, as well as related financial data and statements, accounting, and record-keeping, also work primarily in the Northern District of California, with no team members in this district or elsewhere in Texas.  *See id.*; Declaration of William Randall ("Randall Decl.") ¶¶ 4-8.  Relevant sources of proof, including documents and source code concerning the design and operation of accused features, as well as financial and marketing documents, are maintained in the Northern District of California.  Norbye Decl. ¶ 9; Randall Decl. ¶ 9.  No Google employees with relevant knowledge work in this district, or in Texas.  Norbye Decl. ¶ 8; Randall Decl. ¶ 8.

**D.       Key Third-Party Witnesses and Evidence Are in the Northern District of California**

Three of the four named inventors are in the Northern District of California; none are in this district.  *See supra* § B.  In addition to the inventors, the Northern District of California holds other key third-party evidence and witnesses, including many prior artists and companies holding prior-art patents, the following of which Google has found so far:

- U.S. Patent Application No. 2012/0084751 teaches "executing on a computerized appliance from a machine-readable physical medium, an input interface for receiving a

CC configuration, access to a data repository storing CC software components, a function relating configuration parameters to individual ones of the stored CC software components, and an output interface for delivering a CC SW suite." Warren Decl. Ex. R at [0010]. The '925 patent cites this application, which lists three inventors: Petr Makagon, Andriy Ryabchun, and Nikolay Anisimov. *See id*.; Docket No. 16, Ex. A. Mr. Makagon is in San Francisco, California. *See* Warren Decl. Ex. S. Mr. Anisimov is in Concord, California. *See id.* Ex. T. The application identifies Mr. Ryabchun's location as San Francisco. *See id.* Ex. R. The application is owned by Genesys Telecommunications Laboratories Inc., headquartered in the Northern District of California. *See id.* Exs. U, V.

- *Compilers, Principles, Techniques, and Tools* (1st ed. 1986) by Alfred V. Aho, Ravi Sethi & Jeffrey D. Ullman, is a textbook covering "compiler construction for programming languages. First published in 1986, it is widely regarded as the classic definitive compiler technology text." Warren Decl. Ex. W. Professor Ullman is a professor at Stanford University in Palo Alto, California. *See id.* Ex. X.

- *Compilers: Principles, Techniques, and Tools* (2d ed. 2006) by Alfred V. Aho, Ravi Sethi, Jeffrey D. Ullman & Monica Lam "includes several additional topics, including: Directed translation" and "new data flow analyses." Warren Decl. Ex. W. Professors Ullman and Lam teach at Stanford University in Palo Alto. *See id*. Exs. X, Y.

- *Effective Interprocedural Resource Leak Detection* (2010) by Satish Chandra and Emina Torlak teaches a system "that performs static analysis to find resource leaks in Java programs. Tracker is an industrial-strength tool that is usable in an interactive setting: it works on millions of lines of code in a matter of minutes and it has a low false positive rate." Warren Decl. Ex. Z at 1. Mr. Chandra is in the Northern District of California. *See id*. Ex. AA.

- *Constructing Precise Control Flow Graphs from Binaries* (2009) by Liang Xu, Fangqi Sun and Zhendong Su discloses "the first practical technique that constructs precise control flow graphs from binaries." *See* Warren Decl. Ex. BB. Mr. Xu and Ms. Sun are both in the Northern District of California. *See id*. Exs. CC, DD.

- Coverity Static Analysis "is a proprietary static code analysis tool from Synopsys. This product enables engineers and security teams to find and fix software defects." *See* Warren Decl. Ex. EE at 1. Coverity was developed in 2002. *Id*. The later versions of Coverity, including Project Mesa released on March 21, 2012, "tests every line of code and potential execution path." *Id*. Ex. FF. Coverity is owned by Synopsys, Inc., headquartered in the Northern District of California. *See id*. Exs. EE, GG.

These prior artists and patentees will have evidence regarding at least validity of the claims, and could have evidence regarding state of the art and construction of the claims. Finally, in pre-litigation correspondence with Google, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████████████████████████████

███████████████  *See* Warren Decl. Ex. HH.  These non-parties will have evidence regarding topics including licensing and the functionality PRF accuses of infringement.

## ARGUMENT

**I.    PRF Could Have Brought This Action in the Northern District Of California**

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the [transfer] destination venue."  *Super Interconnect Techs. v. Google LLC,* No. 21-259, 2021 WL 6015465, at *3 (W.D. Tex. Nov. 8, 2021) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*")) (alteration in original).  Under 28 U.S.C. § 1400(b), PRF could have filed this action in the Northern District of California, where Google keeps its headquarters.  *See, e.g., Super Interconnect*, 2021 WL 6015465, at *3 (finding that "venue is proper in the NDCA" and a case against Google "could have been brought there").

**II.    The Private Interest Factors Favor Transfer to the Northern District of California**

If the destination venue is proper, as it is here, "the Court proceeds with its analysis of the private and public interest factors to determine if the NDCA is clearly more convenient than the Western District of Texas."  *Proven Networks, LLC v. Netapp, Inc.*, No. 20-369, 2021 WL 4875404, at *2 (W.D. Tex. Oct. 19, 2021).  "The private factors include:  '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'"  *Super Interconnect*, 2021 WL 6015465, at *3 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).  On the facts of this case, the private interest factors favor transfer.

### A. Relative Ease of Access to the Sources of Proof Favors Transfer

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Proven Networks*, 2021 WL 4875404, at *2 (citing *Fintiv Inc. v. Apple Inc.*, No. 18-372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019)). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Proven Networks*, 2021 WL 4875404, at *2 (quoting *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020)). In this action, the Google engineers who worked on WakelockDetector.java are entirely in the Northern District of California, and the Google engineers who work on Android Lint and Android Studio are primarily there. *See supra* § C; Norbye Decl. ¶¶ 1-3, 10-13. Thus, the relevant technical documents are primarily created and maintained there as well. Norbye Decl. ¶ 9; Randall Decl. ¶ 9; *see In re Google LLC*, No. 21-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021) (district court erred in not "considering the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval"); *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). Although Google performs some relevant work outside both this district and the Northern District of California, none is in Texas and thus Google has no reason to store documents here. *See supra* § C; Norbye Decl. ¶ 8-9; Randall Decl. ¶ 8-9.

Relevant third-party documents and evidence are also in the Northern District. Three of the four inventors are there, *see supra* § B, as well as prior artists, assignees of prior-art patents, and the author of a definitive textbook; their evidence will be as well. *See supra* § D. ▇▇▇

██████████████████████ *See id.* Each of these "third-party witnesses whose documents and evidence are located in NDCA" weigh in favor of transfer. *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 19-432, 2020 WL 4905809, at *3 (W.D. Tex. Aug. 20, 2020). PRF claims no ties to this district, and thus no documents. *See supra* § A. This factor strongly supports transfer.

**B.     Availability of Compulsory Process Favors Transfer**

This factor weighs "heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple Inc.*, No. 21-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021). That is so here: the Northern District of California holds numerous third-party witnesses, including three of four named inventors (*see supra* § B), prior artists and companies responsible for prior art, and other companies with which PRF has negotiated licenses. *See supra* § D; *see, e.g.*, *In re Google LLC*, No. 21-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021).

Google is not aware of any third-party witnesses in this district, and PRF has not pointed to any. Since there are "a substantial number of witnesses within the subpoena power of the Northern District of California," *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009), the subpoena powers of this court "will be of little other use in this case," while, "[b]y comparison, the subpoena powers of the Northern District of California may be expected to be invaluable, in the event process is required to hale relevant witnesses into court." *In re Acer Am.*, 626 F.3d at 1255. "The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly." *In re Genentech*, 566 F.3d at 1345.

**C.     Cost of Attendance for Willing Witnesses Favors Transfer**

"The most important factor in the transfer analysis is the convenience of the witnesses." *HD Silicon Sols. LLC v. Microchip Tech. Inc.*, No. 20-1092, 2021 WL 4953884, at *5 (W.D. Tex.

Oct. 25, 2021) (citing *In re Genentech*, 566 F.3d at 1343). "When considering this factor, the Court should consider all potential material and relevant witnesses" and "should not accord the convenience of party witnesses less weight." *HD Silicon*, 2021 WL 4953884, at *5. Again, this factor strongly favors transfer. Google's relevant employees, including those that PRF named in its complaint, are in the Northern District of California. *See supra* § C; Norbye Decl. ¶¶ 1-8, 10-13; Randall Decl. ¶¶ 4, 5, 7, 8. No Google employees with relevant knowledge are in this district or anywhere in Texas. *See supra* § C; Norbye Decl. ¶ 8; Randall Decl. ¶ 8. PRF has no presence in this district, and its witnesses in West Lafayette, Indiana, must travel to either forum and do not affect the transfer analysis. *See supra* § A; *In re Netflix, Inc.*, No. 22-110, 2022 WL 167470, at *4 (Fed. Cir. Jan. 19, 2022) ("[T]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums.") (quoting *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014)).

"While it is true that the witnesses in the Northern District of California are largely affiliated with the parties, that does not negate the inconvenience and cost to those individuals to travel a significant distance to testify." *In re Google LLC*, 2021 WL 4427899, at *4. When "more alleged party and non-party witnesses reside in the NDCA" than here, as in this case, this factor "strongly favors transfer." *WSOU Invs. LLC v. Arista Networks, Inc.*, No. 20-1083, 2021 WL 6015526, at *5 (W.D. Tex. Nov. 5, 2021).

### D. Consideration of Other Practical Problems is Neutral

"When considering the private interest factors, courts must consider 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Corrino Holdings LLC v. Expedia, Inc.*, No. 20-309, 2022 WL 1094621, at *4 (W.D. Tex. Apr. 12, 2022) (quoting *Volkswagen II.*, 545 F.3d at 314). This factor is neutral where, as here, there are no co-pending

cases, and this Court has had no opportunity to consider any asserted claims. *See, e.g., Corrino Holdings*, 2022 WL 1094621, at *4; *Lynk Labs, Inc. v. Home Depot USA, Inc.,* No. 21-97, 2022 WL 1593366, at *10 (W.D. Tex. May 19, 2022). The Northern District of California has expertise in managing patent cases, including local rules with a "close relationship to enforcement of substantive patent law." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). This factor is neutral.

### III.   The Public Interest Factors Weigh in Favor of Transfer

The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Sonrai Memory Ltd. v. Oracle Corp.*, No. 21-116, 2022 WL 315023, at *1 (W.D. Tex. Feb. 2, 2022) (quoting *Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). As with the private factors, the public factors favor transfer.

#### A.   Administrative Difficulties Flowing From Court Congestion is Neutral

"This factor considers '[t]he speed with which a case can come to trial and be resolved.'" *Danmark v. Shenzhen Apaltek Co.*, No. 21-501, 2022 WL 1445391, at *7 (W.D. Tex. May 6, 2022) (quoting *In re Genentech, Inc.*, 566 F.3d at 1347) (alteration in original). Between this district and the Northern District of California, this factor is neutral, as there is no "appreciable difference in the degree of docket congestion between the two forums." *In re NetScout Sys., Inc.*, No. 21-173, 2021 WL 4771756, at *5 (Fed. Cir. Oct. 13, 2021).[3] "[A] court's general ability to

---

[3] The Federal Circuit based this decision on time-to-trial statistics available in July 2021. At that time, the "median time to trial [was] 31 months for the EDMI versus 20 months for the WDTX." *PacSec3, LLC v. NetScout Sys., Inc.*, No. 20-914, 2021 WL 3478221, at *5 (W.D. Tex. Jul. 27, 2021) *mandamus granted, order vacated sub nom. In re: NetScout Sys.*, 2021 WL 4771756 (Fed. Cir. Oct. 13, 2021). The current statistics show the median time-to-trial is 31.1

set a fast-paced schedule is not particularly relevant to this factor." *L2 Mobile Techs. LLC v. Google LLC*, No. 21-358, slip op. at 17 (W.D. Tex. Jan. 7, 2022) (quoting *In re Apple*, 979 F.3d at 1344); *see, e.g.*, *In re Google LLC*, No. 21-178, 2021 WL 5292267, at *3 (Fed. Cir. Nov. 15, 2021) (declining to rely on "trial statistics" when "unsupported by additional facts such as the number of cases per judge").

In the transfer analysis, "court congestion is considered 'the most speculative' factor, and when 'relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors.'" *Danmark*, 2022 WL 1445391, at *7 (quoting *In re Genentech, Inc.*, 566 F.3d at 1347); *see also, e.g.*, *In re Apple Inc.*, No. 22-128, 2022 WL 1196768, at *5 (Fed. Cir. Apr. 22, 2022). This factor is neutral, but in any event could not swing the result against the other strong factors favoring transfer.

**B.      The Northern District Has a Strong Local Interest in this Dispute**

"Courts must evaluate whether there is a local interest in deciding local issues at home." *Interactive Graphic Sols.*, 2022 WL 1314462, at *6 (citing *Volkswagen II*, 545 F.3d at 312). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Interactive Graphic Sols.*, 2022 WL 1314462, at *6. "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and *the events that gave rise to a suit*." *Id.* (emphasis in original) (quoting *In re Apple*, 979 F.3d at 1344); *see also In re Apple Inc.,* No. 22-137, 2022 WL 1676400, at *2 (Fed. Cir. May 26, 2022). "Important considerations include the location of the

---

months for the Northern District of California, and 27.2 months for the Western District of Texas. *See* Warren Decl. Ex. II at 37, 66. Because the Federal Circuit found there is no "appreciable difference" between 20 and 31 months, *In re NetScout Sys.*, 2021 WL 4771756, at *5, the smaller difference between 31.1 and 27.2 months will also not be "appreciable."

– 11 –

injury, witnesses, and the Plaintiff's residence." *Interactive Graphic Sols.*, 2022 WL 1314462, at *6 (citing *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022)). Those considerations all favor transfer: "the Plaintiff resides outside of this District," *Interactive Graphic Sols.*, 2022 WL 1314462, at *6; *see supra* § A; the witnesses are in the Northern District of California, *see supra* § B; and the alleged injury is as well.

PRF's complaint and contentions further confirm that "the events that gave rise to a suit" happened in the Northern District of California. The complaint names two Google employees, both of whom work in the Northern District of California. *See supra* § C; Norbye Decl. ¶¶ 1, 5. The complaint and contentions allege infringement in a file called WakelockDetector.java, written by Google engineers in the Northern District of California. *See supra* § C; Norbye Decl. ¶¶ 1-5, 10-13; Warren Decl. Exs. M-Q. To the extent the Court considers "Android Lint" and "Android Studio," Google designed, developed, and maintains these products primarily in the Northern District of California, and entirely outside the State of Texas. *See supra* § C; Norbye Decl. ¶¶ 1-8; Randall Decl. ¶¶ 4-8. These are precisely the "the significant connections between a particular venue and the events that gave rise to a suit" which require transfer. *Interactive Graphic Sols.*, 2022 WL 1314462, at *6.

Against these specific facts PRF levels only generalities, alleging that Google infringes in Texas, employs engineers at an office in Austin, and maintains caching servers in Austin as well. *See* Compl. ¶¶ 7-13. PRF's generalities cannot affect the transfer analysis. "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *Interactive Graphic Sols.*, 2022 WL 1314462, at *6 (alteration in original) (quoting *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338). Thus "courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general

presence." *L2 Mobile*, No. 21-358, slip op. at 18 (citing *In re Apple*, 979 F.3d at 1344). To the contrary, even "[w]here the movant has a 'significant presence' in the transferor forum, this factor 'heavily' favors transfer where the transferee forum has a 'significant connection to the event that gave rise to [the] suit.'" *L2 Mobile*, No. 21-358, slip op. at 18 (second alteration in original) (quoting *In re Apple,* 2021 WL 5291804, at *5); *see also, e.g.*, *In re Google LLC*, No. 22-140, 2022 WL 1613192, at *4 n.3 (Fed. Cir. May 23, 2022). In this case, "[b]ecause the accused products were designed and developed in the transferee venue and are not related to Google's presence in Texas," the local interest factor must be "weighted strongly in favor of transfer." *In re Google*, 2021 WL 4427899, at *6; *see supra* § C; *see, e.g., In re Atlassian Corp. PLC*, No. 21-177, 2021 WL 5292268, at *3 (Fed. Cir. Nov. 15, 2021).

But the Northern District's interest in this dispute is even stronger than that, because PRF accuses Google and its employees of willful infringement. PRF's complaint alleges that, "[o]n information and belief, the infringing code in WakelockDetector.java was obtained directly or indirectly from disclosure later patented by Professor Hu, his coinventors, and PRF." Compl. ¶ 41. PRF's allegations in this matter will thus "call[] into question the work and reputation of several individuals residing in" the Northern District, either the Google employees named in the complaint or others also residing in the Northern District. *L2 Mobile*, No. 21-358, slip op. at 19 (alteration in original) (quoting *In re Hoffmann-La Roche*, 587 F.3d at 1336); *see Danmark*, 2022 WL 1445391, at *9; *see supra* § C; Norbye Decl. ¶¶ 1-5, 10-13; Warren Decl. Exs. M-Q. Because PRF's claims challenge Google's conduct occurring in the Northern District of California, that district has an additional "localized interest in this dispute." *L2 Mobile*, No. 21-358, slip op. at 20; *see id.* at 19-20. This factor favors transfer even more strongly as a result.

C.     **Familiarity of the Forum and Conflicts of Laws Factors Are Neutral**

The final two factors, "familiarity of the forum with the law that will govern the case" and "avoidance of unnecessary problems of conflict of laws," *Sonrai*, 2022 WL 315023, at *1, are neutral. Parties to patent cases often agree that these factors are neutral, *e.g.*, *id.* at *4; *L2 Mobile*, No. 21-358, slip op. at 20; *Corrino Holdings*, 2022 WL 1094621, at *6, and should do so in this case as well. "[B]oth the transferor and transferee forums are sufficiently familiar with the law governing this case to render this factor neutral." *Danmark*, 2022 WL 1445391, at *9. These factors are therefore neutral.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant this motion and transfer this action to the Northern District of California.

Date:  June 9, 2022                                    Respectfully submitted,

/s/ Brian C. Banner
Brian C. Banner (Texas Bar No. 24059416)
bbanner@sgbfirm.com
Darryl J. Adams (Texas Bar No. 00796101)
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, Texas, 78701
+1 (512) 402-3569
+1 (512) 402-6865 facsimile

Matthew S. Warren
Jennifer A. Kash
Erika Warren
Francesca M. S. Germinario
Sachli Balazadeh-Nayeri (*admission pending*)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114

+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-119@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I certify that on June 9, 2022, I served the foregoing Defendant's Opposed Motion Under 28 U.S.C. § 1404(a) to Transfer Venue to the Northern District of California by electronic filing on counsel of record registered as CM/ECF users.

*/s/ Brian C. Banner*
Brian C. Banner

## CERTIFICATE OF CONFERENCE

I certify that (1) counsel for the parties have conferred in a good-faith attempt to resolve the issue raised in this motion by agreement, and (2) no agreement could be made.

*/s/ Brian C. Banner*
Brian C. Banner