IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PURDUE RESEARCH FOUNDATION, | § § | |
| Plaintiff, | § § | **PUBLIC VERSION** |
| v. | § § | Case No.  6:22-cv-00119-ADA |
| GOOGLE LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**DECLARATION OF WILLIAM RANDALL IN SUPPORT OF DEFENDANT'S OPPOSED MOTION UNDER 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

I, William Randall, declare and state as follows:

1. I am a Project Manager on the Discovery and Litigation Support team at Google LLC ("Google"). I have worked at Google since ▮. My office is in ▮, ▮.

2. I provide this declaration in support of Google's motion to transfer this action to the Northern District of California. If called as a witness, I could and would testify competently to the information contained in this declaration.

3. Google's Mountain View headquarters, which includes offices in neighboring Sunnyvale (collectively referred to as "Mountain View"), is the strategic center of Google's business. In February 2022, Google's Mountain View headquarters included approximately ▮ employees, the largest location for Google's U.S. employees; Google employed approximately ▮ other employees in San Francisco, California, and other smaller offices within Northern California, for a total of ▮ employees, including engineers, product

– 1 –

– 2 –

managers, marketers, executives, and staff, based in the Bay Area in Northern California, representing slightly more than half of Google's ▮ total employees in the United States.

4. Based on my knowledge and investigation including discussions with ▮, ▮ is a Finance Manager for Android Mobile Ecosystem at Google. ▮ works at Google's ▮ office. I understand that ▮ has knowledge regarding Google's financial data and statements, accounting, and record-keeping related to Android Studio and Android Lint.

5. Based on my knowledge and investigation including discussions with ▮, the Google employees working on financial matters related to Android Lint or Android Studio are on ▮ team, reporting to him either directly or through other managers. ▮ team is based in ▮ and ▮ office. No employees on ▮ team work in the State of Texas.

6. Based on my knowledge and investigation including discussions with ▮, ▮ is a Product Marketing Manager at Google, and leads product marketing for Android Studio. ▮ works at Google's ▮ office. ▮ leads product marketing for Android Studio (which includes Android Lint). I understand that ▮ has knowledge regarding Google's marketing, promotion, and related business information for Android Studio.

7. Based on my knowledge and investigation including discussions with ▮, the Google employees working on marketing and promotion of Android Studio are on ▮ team, reporting to him either directly or through other managers. ▮

team is based in ████████████████████████ and ████████ office. No employees on ████████ team work in the State of Texas.

8. Based on my knowledge and investigation including all of the foregoing discussions, I am not aware of any Google employees with technical, design, marketing, or financial knowledge regarding Android Studio, Android Lint, or WakelockDetector.java who work in the State of Texas.

9. As a matter of Google practice, the Google employees that create and maintain documents in Google's possession about its products and services are those employees that work on those products and services. As discussed above, employees with knowledge of Android Studio, Android Lint, and WakelockDetector.java primarily work in Northern California; no such employees are in Texas. As a result, following Google practice, the documents for Android Studio, Android Lint, and WakelockDetector.java would be primarily created and maintained in Northern California.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct. Executed on June 8, 2022, in San Francisco, California.

_____
William Randall