Michael W. Shore (*pro hac vice*)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas, 75202
Telephone: 214-593-9110
Fax: 214-593-9111
mshore@shorefirm.com

M. Elizabeth Day (State Bar No. 177125)
Marc Belloli (State Bar No. 244290)
David Alberti (State Bar No. 220625)
KRAMER DAY ALBERTI LIM
   TONKOVICH & BELLOLI LLP
577 Airport Blvd., Suite 250
Burlingame, California, 94010
Tel: 650 825-4300
Fax: 650 460-8443
eday@kramerday.com
mbelloli@kramerday.com
dalberti@kramerday.com

*Attorneys for Plaintiff Purdue Research Foundation*

Matthew S. Warren (State Bar No. 230565)
Jennifer A. Kash (Sate Bar No. 203679)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
22-3870@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PURDUE RESEARCH FOUNDATION,<br><br>   Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 3:22-cv-3870-JSC<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:  August 11, 2022<br>Time:  1:30 p.m.<br>Location:  Zoom webinar<br>Judge:  Hon. Jacqueline Scott Corley |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California for Contents of Joint Case Management Statement, and this Court's Order Rescheduling Initial Case Management Conference of July 18, 2022, plaintiff Purdue Research Foundation ("PRF") and defendant Google LLC ("Google") submit this Joint Initial Case Management Conference Statement.

The parties met and conferred on July 21, 2022, under Fed. R. Civ. P. 26(f).

## I. Jurisdiction and Service

This action arises under 35 U.S.C. § 271.  The Court has subject matter jurisdiction.  No issues exist regarding personal jurisdiction, and no party remains to be served.

## II. Facts

### A. Brief Chronology

On February 1, 2022, PRF brought this action in the Western District of Texas, claiming infringement by Google of U.S. Patent No. 10,379,925 ("'925 Patent").  On April 28, 2022, PRF filed an amended complaint, Docket No. 16.  On May 12, 2022, Google answered the amended complaint, Docket No. 17.

On June 9, 2022, Google filed an Opposed Motion Under 28 U.S.C. § 1404(a) to Transfer Venue to The Northern District of California.  Docket No. 20.  On June 16, 2022, PRF and Google jointly moved to transfer this action to this District.  Docket No. 23.  The Western District of Texas granted the joint motion.  Docket No. 24.

### B. Principal Factual Issues in Dispute

PRF and Google are aware of the following principal factual issues in dispute:

A. Whether the asserted claim is valid and enforceable;
B. Whether Google has infringed the asserted claim of the patent-in suit;
C. The appropriate damages for any infringement;
D. Whether any infringement is willful; and
E. Whether any other forms of relief are due to any party.

## III. Principal Legal Issues in Dispute

PRF and Google are aware of the following principal legal issues in dispute:

A. The proper construction of any disputed patent claim terms;
B. Whether this case is exceptional under 35 U.S.C. § 285;
C. Whether any party is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285; and
D. Whether any other forms of relief are due to any party.

### IV. Motions

To the extent that it remains pending, Google's Opposed Motion Under 28 U.S.C. § 1404(a) to Transfer Venue to The Northern District of California (Docket No. 20), is moot in light of the joint motion to transfer to this District (Docket No. 23), and the Western District of Texas' granting of that joint motion.  Docket No. 24.  There are no other pending motions before the Court.  PRF and Google cannot predict their future motions with certainty, but anticipate that they will seek entry of a protective order governing confidentiality in this action, and will likely move for summary judgment and may file other dispositive and non-dispositive motions as the case progresses.

### V. Amendment of Pleadings

PRF and Google continue to investigate their claims and will amend the pleadings as appropriate. They propose the Court allow amendment of pleadings until two months before the completion of fact discovery, with any later amendment on good cause shown.

### VI. Evidence Preservation

PRF and Google have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred under Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### VII. Disclosures

During the parties' Rule 26(f) conference on July 21, 2022, PRF requested to extend this deadline until August 19, 2022, for the reasons set forth in its declaration (Docket No. 46).  Google did not oppose this request, and PRF and Google stipulated and agreed, subject to the approval of the Court, to extend the deadline for initial disclosures under Fed. R. Civ. P. 26(a)(1) from August 4, 2022 to August 19, 2022. Docket No. 45.  The Court granted the extension on July 28, 2022 (Docket No. 47).

### VIII. Discovery

No party has taken discovery to date.  PRF and Google anticipate that the scope of discovery will address the disputed legal and factual issues set forth above.  Subject to the Court's approval, PRF and Google propose the following limitations on fact discovery:

    A.    Interrogatories:

        PRF's Position: 40 per side, including discrete sub-parts.

       Google's Position: Google submits that the default number of 25 interrogatories per side provided for by the Federal Rules of Civil Procedure are sufficient for this case.

    B.    Requests for Admission:  40 per side, except regarding authenticity

    C.    Requests for Production:  unlimited

    D.    Fact Depositions:  70 hours of deposition time per side, including examination and cross-examination, with a presumptive limit of 7 hours of deposition time for any deponent under Rule 30(b)(1) or Rule 45.  If any deposition requires an interpreter, the time would be doubled and the hours counted against the limit would be halved.

    E.    Expert Depositions:  7 hours of examination for each expert report.  For example, if an expert prepares reports on validity and infringement, they will sit for two days of deposition, each including 7 hours of examination.

    F.    Electronic Discovery:  The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and further confirm that they have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**IX.    Class Action**

    This is not a class action.

**X.    Related Cases**

    There are no related cases.

**XI.    Relief**

    PRF asks the Court to:

    A.    Adjudge, find, and declare that the '925 Patent is valid and enforceable;

    B.    Adjudge, find, and declare that Defendant has infringed at least one claim of the '925 Patent under 35 U.S.C. § 271 either directly, indirectly, by inducing others to infringe, or under the doctrine of equivalents;

    C.    Award the past and future damages arising out of Defendant's infringement of the '925 Patent to PRF in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

  D. Adjudge, find, and declare that Defendant's infringement is willful and awarding enhanced damages and fees in accordance with 35 U.S.C. § 284;

  E. Award attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law;

  F. Grant PRF such other further relief as is just and proper, or as the Court deems appropriate including injunctive relief; and

  G. If no injunction is issued, enter an order compelling Google to pay reasonable royalties on future sales of products, processes or methods found to infringe.

  Google asks the Court to:

  A. Enter judgment that Google does not infringe any claims of the '925 patent literally or under the doctrine of equivalents;

  B. Enter judgment that the '925 patent is invalid and/or unenforceable;

  C. Declare that this case is exceptional under 35 U.S.C. § 285;

  D. Award Google its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court; and

  E. Google submits that PRF's request for injunctive relief, or in the alternative for a running royalty, are improperly included in this Case Management Statement. PRF's complaint in this matter does not seek either form of relief, and this statement is not the proper vehicle in which to add new claims for relief.

## XII. Settlement and ADR

PRF and Google have elected to participate in private mediation, and agree that these discussions are most likely to succeed following fact discovery and claim construction.

## XIII. Consent to Magistrate Judge for All Purposes

All parties did not consent to a magistrate judge conducting all further proceedings.

## XIV. Other References

This action is not suitable for reference to binding arbitration, a special master, or Judicial Panel on Multidistrict Litigation.

### XV. Narrowing of Issues

PRF and Google are currently unable to narrow any issues by agreement or otherwise, but may be able to do so after fact discovery and claim construction.

### XVI. Expedited Schedule

The procedure in General Order No. 64 Attachment A is not appropriate in this action.

### XVII. Scheduling

PRF and Google propose the following schedule through claim construction of this action. This schedule follows the order of events set forth in the Patent Local Rules of this Court, modifying the timing of those events to adjust for holidays and other events, deviating no more than three weeks from the default schedule set forth in the Patent Local Rules.

| Event | Proposed Date |
| --- | --- |
| Initial Case Management Conference | Thursday, August 11, 2022 |
| Initial disclosures (*see* Docket No. 47) | Friday, August 19, 2022 |
| Disclosure of asserted claims and infringement contentions; Plaintiff's initial production (Pat. Loc. R. 3-1 and 3-2) | Thursday, August 25, 2022 |
| Defendant's invalidity contentions; Defendant's initial production (Pat. Loc. R. 3-3) | Thursday, October 13, 2022 |
| Designation of experts for claim construction | Thursday, October 27, 2022 |
| Counter-designation of experts for claim construction | Thursday, November 3, 2022 |
| Exchange of proposed terms for construction (Pat. Loc. R. 4-2) | Thursday, November 10, 2022 |
| Exchange of preliminary claim constructions and extrinsic evidence (Pat. Loc. R. 3-8) | Thursday, November 17, 2022 |
| Plaintiff's damages contentions (Pat. Loc. R. 4-3) | Thursday, December 1, 2022 |
| Joint claim construction and prehearing statement and expert reports (Pat. Loc. R. 3-9) | Friday, December 9, 2022 |
| Defendant's responsive damages contentions (Pat. Loc. R. 4-4) | Thursday, January 12, 2023 |
| Completion of claim construction discovery (Pat. Loc. R. 4-5) | Thursday, January 26, 2023 |
| Plaintiff's opening claim construction brief (Pat. Loc. R. 4-5) | Thursday, February 9, 2023 |
| Defendant's responsive claim construction brief (Pat. Loc. R. 4-5) | Thursday, February 16, 2023 |

| Event | Proposed Date |
|---|---|
| Plaintiff's reply claim construction brief (Pat. Loc. R. 4-6) | Thursday, February 23, 2023 |
| Claim construction hearing | Thursday, March 2, 2023, or at the Court's convenience |
| Case Management Conference to set further deadlines | Subject to the Court's availability, the first Thursday at least two weeks after the Court's claim construction order |

**XVIII. Trial**

This case will try to a jury. PRF and Google anticipate a trial length of no more than 5 days, including jury selection.

**XIX.  Disclosure of Non-Party Interested Entities**

The Parties filed individual statements pursuant to Fed. R. Civ. P. 7.1, and Civ. L.R. 3-15. Google filed its Certificate of Interested Entities on July 15, 2022 (Docket No. 34). Under Federal Rule of Civil Procedure 7.1, Google disclosed that Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock. Under Civil Local Rule 3-15, Google certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Google LLC
2. XXVI Holdings Inc., Holding Company of Google LLC
3. Alphabet Inc., Holding Company of XXVI Holdings Inc.

PRF filed its Certificate of Interested Entities or Persons on July 21, 2022 (Docket No. 42). Under Federal Rule of Civil Procedure 7.1(a), PRF stated the following: Purdue Research Foundation has no parent corporation and no publicly-held corporation owns 10% or more of its stock. Purdue Research Foundation is a private, non-profit foundation created to advance the mission of Purdue University. Purdue University is an arm of the State of Indiana, and it is not subject to private ownership and does not

issue stock.  Pursuant to Civil L.R. 3-15, PRF certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

      1.      Purdue Research Foundation

      2.      Purdue University.

PRF has also informed Google that the inventors on the patent-in-suit potentially have a financial interest in the outcome of this litigation subject to approval by the Purdue University Provost or other officials, based on the outcome and costs to achieve it.

**XX.  Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.  Other Matters that Facilitate Just, Speedy, Inexpensive Disposition**

PRF and Google are not aware of any such matters.

**XXII.  Local Patent Rule 2-1(b)(1)—Proposed Modifications to Patent Local Rules**

PRF and Google do not propose any modifications to the obligations set forth in the Patent Local Rules, but propose to modify the timing of some events under the Patent Local Rules to adjust for holidays and other events, deviating no more than three weeks from the default schedule set forth in the Patent Local Rules, as set forth above in Section XVII.

**XXIII.  Local Patent Rule 2-1(b)(2)—Scope and Timing of Claim Construction Discovery**

PRF and Google propose to proceed with claim construction discovery as set forth in the Patent Local Rules, modifying the timing of some events as set forth above in Section XVII.

**XXIV.  Local Patent Rule 2-1(b)(3)—Proposed Format of Claim Construction Hearing**

PRF and Google request a hearing before the Court on any claim terms in dispute, but cannot estimate the length or scope of the hearing at this time.

**XXV. Local Patent Rule 2-1(b)(4)—How Parties Intend to Educate the Court on Technology**

PRF and Google propose to present the Court with a technology tutorial. PRF believes a video tutorial of 30 minutes per side is sufficient and would allow the Court to view the material at its convenience, perhaps multiple times. Examples of such tutorials can be found at https://www.txwd.uscourts.gov/judges-information/exemplary-tutorials/.

At this time, Google has not determined whether it would be beneficial to the Court to present its technology tutorial by video or through live testimony. Either way, Google agrees that any such presentation shall be no more than 30 minutes in length per party, to be presented to the Court at its' convenience, but suggests that the best time to do so is 1-2 weeks before the hearing on claim construction.

**XXVI. Local Patent Rule 2-1(b)(5)—Non-Binding, Good-Faith Estimate of Damages Range**

PRF is unable to provide any estimate of damages without discovery. Purdue is awaiting information from Google to determine the extent and nature of its use of the patented technology. Because the technology potentially covers every single app offered on the Google Store, as well as convoyed sales for in-app purchases, the amount of damages may, and likely does reach into the hundreds of millions of dollars for past damages. The damages estimate can be provided when the discovery from Google on the number of apps, the number of downloads and Google's revenue are disclosed.

Google's non-binding, good-faith estimate of the damages range is $0. The accused functionality is part of Android Studio, an open-source product that Google provides without charge.

Date: August 4, 2022

Respectfully submitted,

/s/ Michael W. Shore
Michael W. Shore (*pro hac vice*)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas, 75202
Telephone: 214-593-9110
Fax: 214-593-9111
mshore@shorefirm.com

M. Elizabeth Day (State Bar No. 177125)
Marc Belloli (State Bar No. 244290)
David Alberti (State Bar No. 220625)
KRAMER DAY ALBERTI LIM
   TONKOVICH & BELLOLI LLP

Matthew S. Warren (State Bar No. 230565)
Jennifer A. Kash (Sate Bar No. 203679)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
Sachli Balazadeh-Nayeri (State Bar No. 341885)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-3870@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

577 Airport Blvd., Suite 250
Burlingame, California, 94010
Tel: 650 825-4300
Fax: 650 460-8443
eday@kramerday.com
mbelloli@kramerday.com
dalberti@kramerday.com

*Attorneys for Plaintiff Purdue Research Foundation*

### SIGNATURE ATTESTATION

Under Civil L.R. 5-1(h)(3), I attest that all electronic signatories to the foregoing document have concurred in this filing, and that I have maintained records to support this concurrence.

Sachli Balazadeh-Nayeri